## COMMON PLEAS COURT
### No. 666
### AMERICAN LEGION v. COLVILLE et
#### Common Pleas Court. Knox Co.
#### Decided May, 1925

1197. TRUST—Deed of is void when it diverts war relief fund to purposes having no connection with intention when created, and when it is uncertain and indefinite.

BLAIR, J.

There was a fund raised in Knox County, by subscription, for the benefit of the American soldiers and sailors, such fund being placed in the hands of a committee of representative citizens of the county. Most of the fund was expended; but at the close of the World War hostilities there remained on hand a balance of $6000. About $2000 of this was afterwards expended for the relief of the suffering Armenians leaving a balance of $4000 still undisposed of.

On Feb. 7, 1920 the committee turned this amount over to Ralph Ringwalt, Perry Cover, and L. G. Simpson, as trustees, under a so-called deed of trust, said deed being signed by most of the members of the committee. After declaring that the fund shall be known as the Community Trust Fund of Knox County the trust authorized the trustees to expend the income therefrom in such manner as "To foster the Unity of Knox County, and so as to promote the patriotic, esthetic, moral, spiritual, intellectual and educational well being of the people of said county". This suit was prosecuted in the Knox Common Pleas by the American Legion and the Court held:

1. This instrument of conveyance is void and of no effect whatever, either in law or in equity, and the so-called trustees acquired no right, title, or interest in or to such fund, by virtue of such deed.

2. The deed was void and of no effect because the committee had no power or authority, either in equity or in law to convey or pass title to this fund; because the conveyance undertook to divert the fund from the purposes for which it was created; it is void for indefiniteness and uncertainty in declaring purposes for which such fund should be used, as well as the whole declaration of trust.

3. In determining the disposition to be made of the balance of this fund the purpose of its creation must always be kept in mind. While active warfare has ceased a great majority of the soldiers and sailors who participated therein, still live, many of them suffering still more than they did on the battle front or in camps.

4. It was a matter of common knowledge that the fund was raised for the benefit of the American soldiers and sailors of the World War. There is every reason why the remainder of this fund should be preserved for the benefit of these intended beneficiaries.

5. Net income of the fund shall be used to relieve distressed conditions which may be found among soldiers and sailors of this country, and those who may be found within its borders, special attention being given those suffering from mental and physical troubles brought on as a result of their service to their country.

Attorneys—Harry W. Koons, Mt. Vernon, for Legion.

---

## ATTORNEY GENERAL
### No. 667
### IN RE VILLAGE INCORPORATION
#### No. 2413. Decided April 27, 1925.

797. MUNICIPAL CORPORATIONS—Where proceedings of incorporating a village have been complied with, except the election of officers, said officers must be elected under 3536 GC. (seemingly mandatory) in order to surrender corporate power under 3513 GC.

The opinion of the Attorney General was requested by G. Walter Booth, under the following set of circumstances: Steps were taken towards incorporation of the village of Monroe Falls, but there has been a failure on part of the electors of said village to elect officers as required by law. Questions arising are:

1. Is village legally incorporated for all purposes?

2. If so, how may it surrender its corporate powers; procedure as outlined in 3513 GC. being impossible since there is no council?

3. If not, is land described in plat to be returned from political subdivisions from which they came?

4. If it is to be returned, how?

The Attorney General said:

Section 3536 GC. provides in substance that the first election of officers for newly incorporated village shall be at first municipal election after its creation, place of holding election to be fixed by petition. While the statute indicates that when the proceedings are had so as to require their certification that a corporation exists, it is a corporation, yet it will be apparent that it cannot perform any functions as such until proper steps have been taken to create its officers. A corporation acts through its officers and is without power unless it has such.

It is apparent that the village so incorporated cannot perform the functions for which it is organized. It cannot adopt rules or regulations governing the conduct of its inhabitants or require the levy of taxes.

There seems to be no provision for the turning back, nor does the law contemplate any surrender at such a stage, but the machinery for it to be fully completed, by the election of officers under 3536 GC. The agent of the petitioners is authorized to call a special election. In other words the duty of holding such elections would seem to be mandatory. Since there is no provisions for the returning for the plats to the original sub-divisions, or for the surrender of whatever powers may have been obtained in view of the proceedings taken, the officers of said village may yet be elected and then the provisions of 3513 GC. could be applied.